IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**AUBREY FLOYD HART,**
          **Petitioner,**

**-vs-**                                                                     **Case No.  A-23-CV-915-DII**

**CALVIN BOYD,**
          **Respondent.**

## O R D E R

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his 1992 convictions and sentence out of Williamson County, Texas.  He paid the $5.00 filing fee.  Because Petitioner challenges a final conviction, his petition was construed as a petition filed pursuant to 28 U.S.C. § 2254.  Petitioner was warned that this recharacterization means that any subsequent § 2254 petition will be subject to the restrictions on second or successive petitions. Petitioner was given the opportunity to file an amended petition, which he did.  After Petitioner filed his amended petition, the Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred or for failure to exhaust his state court remedies.  After consideration of the amended petition and Petitioner's response to the Court's order to show cause, Petitioner's petition is dismissed in part as time-barred and in part for failure to exhaust his state court remedies.

Petitioner indicates he was convicted of bail jumping and two counts of unauthorized use of a motor vehicle in Williamson County and was sentenced to 45 years' imprisonment on March 23, 1992, after pleading guilty.  Petitioner indicates he also had a 50-year sentence from Llano County for unauthorized use of a motor vehicle that was ordered to run concurrently with his Williamson County sentence.  According to Petitioner, a 1982 prior conviction for rape out of Travis County and

a prior conviction for sexual assault out of Burnet County were used to enhance his sentence in the Williamson County case to a habitual offender. Petitioner complains these prior convictions are now doing "triple duty" in the Williamson County case because he was enhanced for all three charges. In addition, he complains his prior convictions are being used to enhance him on future offenses.[1]

Petitioner also alleges Williamson County breached the plea agreement. He adds using the Williamson County convictions to enhance future charges was not reasonably understood by both parties.

He additionally complains he was required to register as a sex offender as a condition for parole with regard to his Williamson County convictions. He asserts he would not have pleaded guilty had he known.

Petitioner additionally complains his punishment is excessive. Petitioner asserts his convictions for unauthorized use of motor vehicle out of Williamson County would now be state jail felonies. He contends that makes his bail jumping conviction his longest sentence. He concludes the State is not allowed to enhance any future charge with the convictions for unauthorized use of a motor vehicle because it is now not the longest of his concurrent offenses.

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] Public records for Burnet County reflect Petitioner is currently charged with misdemeanor indecent assault in Cause No. M39218, second degree felony prohibited sexual conduct in Cause No. 55169, and second degree felony failure to register as a sex offender in Cause No. 55420. His felony cases are set for jury trial on December 4, 2023.

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner's Williamson County convictions became final in 1992. In addition, § 31.07 of the Texas Penal Code was amended in 1993, making unauthorized use of a motor vehicle a state jail felony instead of a third degree felony. At the time he was sentenced, he could have discovered his convictions could be used to enhance a sentence for future offenses. At the time the Penal Code was amended, Petitioner could have discovered unauthorized use of a motor vehicle was reduced to a state jail felony. Both of these events occurred before the enactment of the Antiterroism and Effective Death Penalty Act of 1996 (AEDPA). *See* Pub. L. 104-132, 110 Stat. 1214 (1996).

The AEDPA and its one-year limitations period became effective when the AEDPA was signed into law on April 24, 1996. *See United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit then allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extended filing date to April 24, 1997). Therefore, Petitioner

had until April 24, 1997, to file a federal petition, challenging his Williamson County convictions and sentence.

Petitioner did not execute his original petition until July 24, 2023. Absent tolling, his petition is time-barred.

Although Petitioner indicates on page seven of his petition that he filed a state application for habeas corpus relief in Williamson County, there is no record of the application being filed in Williamson County and there is no record of the application being transmitted to the Texas Court of Criminal Appeals. Accordingly, the limitations period has not been tolled due to the filing of a state application for habeas corpus relief.[2]

In addition, Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*). Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right

---

[2] Records for the Texas Court of Criminal Appeals reveal Petitioner filed a state application for habeas corpus relief regarding the time calculation of his Llano County sentence. The Texas Court of Criminal Appeals dismissed it pursuant to section 501.0081(b)-(c) of the Texas Government Code on October 27, 2010. *See Ex parte Hart*, No. WR-74,639-01. He also filed a state application challenging his Burnet County conviction. The Texas Court of Criminal Appeals dismissed the application as non-compliant on September 21, 2016. *See Ex parte Hart*, No. WR-74,639-02. Petitioner filed a second state application regarding the time calculation of his Llano County sentence. The Texas Court of Criminal Appeals dismissed the application as non-compliant on November 2, 2016. *See Ex parte Hart*, No. WR-74,639-03. Petitioner filed a state application challenging his Travis County conviction. The Texas Court of Criminal Appeals denied the application without written order on November 23, 2016. *See Ex parte Hart*, No. WR-74,639-04.

to counsel during a post-conviction collateral attack upon a criminal conviction. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling. *Id.* Nor will a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process. *Id.* at 365-66; *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Regarding the requirement that Petitioner register as a sex offender, Petitioner claims he was released on parole on April 1, 2022. However, he states he did not sign the notice of special conditions, which required him to register as a sex offender and imposed other restrictions, until July 24, 2022. As mentioned above, Petitioner executed his federal petition on July 24, 2023, one year later. Assuming without deciding that Petitioner's petition is timely filed, he failed to exhaust his state court remedies regarding the requirement to register as a sex offender.

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). Section 2254(b) provides:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.  This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims."  *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied.  *See generally, Castille*, 489 U.S. at 351.  In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522.  If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies.  *Id.*

In the present case, Petitioner has not presented his claims, challenging his Williamson County convictions and sentence, to the Texas Court of Criminal Appeals.  Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law.  Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist.  *Deters v. Collins*,

985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case.

Petitioner makes clear in his response to the Court's show cause order that he is not challenging his pending criminal charges in Burnet County. As explained in the Court's order to show cause, Petitioner also has not exhausted his state court remedies regarding his pending charges.

Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973). Petitioner plainly has not exhausted his state court remedies regarding his pending charges. He also has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights.

Finally, in his response to the Court's order to show cause, Petitioner claims, in addition to challenging his Williamson County conviction and related registration requirements, he is challenging his prior convictions in Burnet County, Llano County, and Travis County, as they relate to registration requirements. Petitioner states, at the time of his guilty pleas in those cases, there was no requirement to register as a sex offender. Petitioner contends, had there been such a requirement, he would not have pleaded guilty.

Pursuant to the Rule 2(e) of the Rules Governing Section 2254 Cases, Petitioner must file separate petitions for judgments of separate courts. Therefore, Petitioner's attempt to add claims regarding his convictions in Burnet County, Llano County, and Travis County is improper. Moreover, Petitioner has not exhausted his state court remedies regarding his registration requirement in those cases either.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** in part as time-barred and **DISMISSED WITHOUT PREJUDICE** in part for failure to exhaust Petitioner's state court remedies, as described in detail in this Order.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on October 19, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE